DLD-305                                                         NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2435
_____

CARL ANTHONY KNIGHT,
                                          Appellant
v.

WARDEN DAVID J. EBBERT; DR. MILLER; MRS . SPOTTS; J. BRADY; R. LAINI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 09-CV-00060)
District Judge:  Honorable Christopher C. Conner
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 30, 2010
Before: FUENTES, JORDAN and HARDIMAN, <u>Circuit</u> <u>Judges</u>

(Filed: October 4, 2010)

_____

OPINION
_____

PER CURIAM

     Carl Anthony Knight, a federal prisoner proceeding pro se, appeals an order of the

United States District Court for the Middle District of Pennsylvania granting the

defendants' summary judgment motion in part and dismissing his remaining claims in his

civil rights action.[1] We will affirm.

Knight's complaint was brought against Warden David J. Ebbert; Jay Miller, Medical Officer; Debra Spotts, Assistant Health Services Administrator; James Brady, former Clinical Director; and Ronald Laino, Health Services Administrator. Knight complained of the prison's inadequate treatment for painful growths on the back of his head, variously described in his medical records as cysts or lesions.

To the extent Knight sued the defendants in their official capacity, the District Court properly dismissed the claims. Claims against the United States or its agencies are barred by the doctrine of sovereign immunity except where such immunity is explicitly waived by Congress. See Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 72 (2001). Neither the United States nor its agencies have waived sovereign immunity for constitutional claims. See United States v. Testan, 424 U.S. 392, 400-02 (1976); see also F.D.I.C. v. Meyer, 510 U.S. 471, 486 (1994) (declining to recognize a direct action for damages against federal agencies). The District Court also properly dismissed any claims against defendants where Knight did not allege their personal involvement in any wrongdoing.

_____

[1] Knight filed a Motion for Voluntary Dismissal in this Court, stating that he "has been researching his cause and has determined that his case appears to lack sufficient merit to warrant further review." Knight also noted that he had "instructed the prison officials that he is filing this withdrawal and that he would not authorize them to forward funds to the Court for the costs of this appeal . . . ." The Clerk issued an order, informing Knight that withdrawal of the appeal would not relieve him of the obligation of paying the filing fee. The Clerk instructed Knight to inform the Court within fourteen days of the date of the order whether he would like to withdraw the appeal. As Knight did not respond within the fourteen days, we presume that he decided not to withdraw the appeal.

Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

The District Court noted that Knight alleged that defendants Spotts, Miller, Brady, and Laino were personally involved in depriving him of surgery to remove his cysts. The Court determined that Knight stated an Eighth Amendment claim against these defendants, sufficient to proceed to the summary judgment stage. As recognized by the District Court, to establish an Eighth Amendment violation based on improper medical care, a prisoner must show acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). The District Court correctly found that Knight "was treated on each and every occasion that he sought medical treatment" for the cysts. The Court also noted that the cysts were only infected once, in March 2007, and that he was scheduled for surgery at that time, but that the surgery did not take place for reasons beyond the control of the defendants. Following that time period, each time Knight was examined and requested antibiotics, medical personnel found no infection, and recommended warm compresses and Ibuprofen. Because the cysts were no longer infected, surgery was found to be no longer medically necessary. Knight's medical records belie his claim that any of the defendants intentionally tried to cause him harm through their acts or omissions. The District Court thus properly granted defendants' motion for summary judgment.

For the reasons stated above, we hold that the District properly dismissed Knight's complaint in part, and properly granted defendants' motion for summary judgment as to the remaining claims. We will thus affirm the judgment of the District Court.

3